UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                      Case No. 12-CR-85

SHONTAY DESSART,

    Defendant.

**ORDER DENYING MOTION TO DISQUALIFY PROSECUTOR**

    Shontay Dessart is charged in an Indictment with 23 separate counts relating to the fraudulent manufacture and sale of drugs without FDA registration in violation of 21 U.S.C. §§ 331 and 333. He has been represented by several different attorneys, most at his own expense. Two pending motions were filed pro se before the most recent reappointment of counsel. The first seeks to disqualify AUSA Matthew Jacobs, the prosecutor assigned to his case, on grounds of misconduct and due process violations in the handling of the case. The second seeks suppression of evidence seized in the course of a search of Dessart's home pursuant to a warrant.

    The motion to disqualify the prosecutor is long on allegations of misconduct, but short of actual facts. Dessart alleges that AUSA Jacobs "fabricated indictment violations, greatly inflated maximum prison penalty to 69 years while admitting to press the crimes are worthy of months not years in prison if found guilty, refused to disclose material under Rule 16, changed a FOIA request for same disclosure material, tried to bribe Dessart, tampering with Dessart's defense attorneys – advise Dessart his only option is to plead guilty or face many years in prison in a case that can be

easily won by a novice, and most importantly – complete ignorance of the FDA's definition of a drug (the very foundation of the act) after 4 years of manufacturing the case . . . ." (ECF No. 71 at 1.)

Dessart's disagreement about the merits of the government's case does not amount to prosecutorial misconduct. His complaints are born out of a lack of understanding on his own part. To the extent he has any criticisms, most relate to conduct taken in the case by either law enforcement officers or the previous prosecutor who has since taken another job. Dessart may believe that "the best defense is a good offense," but his attack on the integrity of the prosecutor in this case has no bearing on the merits of the charges he is facing. He has cited neither authority that would allow the court to remove the prosecutor, nor facts that would warrant such relief even if such authority exists. His motion to disqualify the prosecutor is accordingly denied.

Dessart's second pro se motion is for the suppression of evidence seized in the search of his home. Since the motion was filed, Dessart has requested that counsel be appointed for him. The court has granted his request, and Attorney Christopher Bailey has been reappointed. Rather than rule on Dessart's pro se motion to suppress, the court will direct Attorney Bailey to argue the motion on his behalf, especially since it is in part a motion to reconsider the court's decision denying Attorney Bailey's previous motion for a *Franks* hearing. Attorney Bailey has now had the opportunity to review the previous transcripts and should be prepared to proceed.

Accordingly, the Clerk is directed to set this matter on the Court's calendar for a hearing on the pending motion to suppress and for further scheduling.

**SO ORDERED** this 27th day of December, 2013.

                                             s/William C. Griesbach
                                             William C. Griesbach, Chief Judge
                                             United States District Court