UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHONTAY DESSART,

      Plaintiff,

v.                                                     Case No. 12-CR-0085

UNITED STATES OF AMERICA,

      Defendant.

## ORDER DENYING MOTION TO REDUCE AND/OR STAY SENTENCE

      Shontay Dessart was found guilty by a jury of multiple violations of FDA regulations governing the packaging and sale of drugs. On July 29, 2014, Dessart was sentenced to twelve months and one day as to each count, all to run concurrently. The sentence was stayed during the pendency of Dessart's appeal. The Court of Appeals affirmed Dessart's conviction by decision issued on May 17, 2016, and issued its mandate on June 8, 2016. On June 9, 2016, the stay of sentence was lifted, and Dessart began serving his sentence shortly thereafter. On June 21, 2016, Dessart filed a pro se motion to vacate the conviction pursuant to 28 U.S.C. § 2255, claiming his conviction resulted from ineffective assistance of trial and appellate counsel. The Court directed the Government to respond and specifically address the claims set out in Dessart's petition, as well as address the issue of whether an evidentiary hearing, in the Government's view, would be needed to resolve the matter. On July 29, 2016, Dessart filed a motion to reduce his sentence because he played a minor role in the offense and, further, to order the Bureau of Prisons (BOP) to place him on home detention for more than two months of his sentence. At the same time, Dessart filed a

motion to stay his sentence until his pending motions for relief under § 2255 and to reduce his sentence are decided.

Dessart's motion to stay his sentence is denied. Having reviewed his motion for relief under § 2255 and the Government's response to it, the Court is not convinced that there is a sufficient likelihood of success that would justify a further delay in requiring Dessart to serve his sentence. A decision on that motion will be issued in due course. The Court is also satisfied that Dessart's motion to reduce his sentence either because he played a minor role in the offense or by ordering the BOP to place him on home detention or in a RRC for some portion of his sentence should be denied. Under any standard, Dessart's role in the offense was not minor. He carried it all out himself. No reduction of his Guideline sentence range would be appropriate, even assuming it was properly before the Court at this late date. As to his placement on home detention or in a RRC, that is a question entrusted to the BOP. There is no indication that Dessart has made any attempt to exhaust the administrative remedies provided for challenging such determinations. Once he has exhausted his administrative remedies, review is under the Administrative Procedures Act, 5 U.S.C. § 706 (APA). Further, Dessart fails to offer any coherent argument as to why he would be entitled to more than 2 months on home detention on a one-year sentence.

The motion for a reduction and stay of sentence is therefore denied.

Dated this ___7th___ day of September, 2016.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court
